# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-03053-01-CR-S-RED |
| | ) | |
| v. | ) | |
| | ) | |
| BRENT "PETE" TURLEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### SUGGESTIONS IN OPPOSITION TO MOTION FOR RECONSIDERATION OF BOND

COMES NOW, the United States of America, by and through its undersigned counsel, in opposition to the defendant's motion for reconsideration of bond. The defendant suggests that this Court should reconsider its order detaining the defendant pending trial. The government maintains that the defendant should remain in custody pending the outcome of this case.

### 1. *Factual Background*

On March 17, 2012, the Missouri State Highway Patrol received a report that Brent "Pete" Turley had been sending sexually explicit text messages to a fourteen year old female. Turley was a youth minister at the church the juvenile attended. The juvenile reported that Turley first made contact with her via Facebook. Trooper Casey Jadwin secured the permission of the child's parents to utilize her cellular telephone to further his investigation.

On March 19, 2012, Turley sent a series of text messages to the child's cell phone in an effort to set up a meeting during which she would lose her virginity to him. Turley proposed that they meet at the Mountain Grove City Park at 5:30 p.m. When Turley arrived, he was greeted by members of the Highway Patrol and the Southwest Missouri Cybercrimes Task Force who

placed him under arrest.  Condoms were located in Turley's pocket and a firearm was found in his truck.

Turley was subsequently questioned by Chip Root and Casey Jadwin at Troop G Headquarters.  Turley initially claimed that he was planning to meet the girl so that he could "put the girl on the right path" by discussing the Bible with her.  After being confronted with the obvious absurdity of that statement, Turley confessed that he planned to engage in sexual intercourse with the minor.  During the course of the interview, the defendant stated "everybody around the high school knows me, I'm pretty popular for the most part." Turley then divulged the fact that he had successfully orchestrated sexual contact with two other minors.

Specifically, Turley confessed to contacting a fifteen year old female using text messages and arranging to meet with her in Mansfield.  During the meeting, which occurred in February, 2012, the juvenile performed oral sex upon Turley in his vehicle, while Turley touched her vagina.  That juvenile was later interviewed at the Child Advocacy Center and confirmed that Turley had in fact sexually assaulted her.  Disturbingly, the victim alleged that the act was committed by force.

Turley also admitted to taking a child whom he believed to be twelve or thirteen at the time to a movie theater in Mountain Grove where he digitally penetrated her vagina during the movie.  This incident reportedly took place in November or December 2011.  The victim in this incident was later interviewed and confirmed that Turley digitally penetrated her vagina during a movie when she was thirteen years old.

Turley's cell phone was examined by Larry Roller of the Missouri Cyber Crime Task Force.  He was able to recover several incriminating messages sent from the phone.

2. *<u>Suggestions in Opposition</u>*

The defendant has now filed a motion to reconsider its order detaining the defendant. There has been no material change since the defendant's detention hearing to justify such a request. Consequently, the motion for reconsideration should be denied.

First, the defendant points to the fact that the State of Missouri has withdrawn its allegation that Turley violated the conditions of his pretrial release imposed in his state case. This fact, however, was known to the Court at the time of the detention hearing.

The defendant also suggests that his "exemplary conduct on bond" in a related state case should provide a basis to rebut the presumption in favor of detaining the defendant. There is absolutely no indication of how the defendant performed during his rather brief stint on pretrial release because his release was unsupervised and free from all types of monitoring.

As it stands, there is overwhelming evidence of the defendant's guilt. The defendant has unequivocally confessed to the conduct giving rise to offenses charged in the indictment as well as a third sexual assault of a child the defendant believed to be as young as twelve. This confession was recorded. Moreover, the defendant executed written apologies to his wife, daughter, parents, and the parents of each of his victims. The analysis of the defendant's cell phone has yielded highly incriminating messages.

The defendant is also subject to charges in both Webster and Douglas Counties for the conduct described above. Further, it should also be noted that the defendant's family and friends appear to have deluded themselves into believing that the defendant is innocent of all wrong doing, going so far as to accuse the investigators of dishonesty and corruption. More disturbing is the fact that in many of the letters in support of the defendant, the writers have expressly noted

that they would trust the defendant with their children.  Under the circumstances, providing the defendant with the opportunity to flee, victimize other children or take drastic measures to avoid trial is not warranted.

WHEREFORE, for all the foregoing reasons, the United States respectfully requests that the defendant's motion for reconsideration of bond be denied.

Respectfully submitted,
David Ketchmark
Acting United States Attorney

By  */s /James J. Kelleher*
James J. Kelleher
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on August 2, 2012, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                                                */s/ James J. Kelleher*
                                                James J. Kelleher
                                                Assistant United States Attorney