IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | Case No. 12-03053-01-CR-S-GAF |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| BRENT "PETE" TURLEY, | ) | |
| Defendant. | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM

Comes now the United States of America, by and through its undersigned counsel, in response to the defendant's sentencing memorandum in support of a downward departure and downward variance. (Doc. 59). The defendant suggests that the Court should impose a sentence below the advisory sentencing guideline range of 188 to 235 months' imprisonment[1]. In support of these motions, the defendant points to (1) his age, and (2) the factors specified in 18 U.S.C. § 3553(a). The Government, for the reasons set forth below, counters that the defendant is not deserving of a sentence below the sentencing guidelines given the nature of the offense and the defendant's history of sexually abusive conduct towards children.

## FACTUAL BACKGROUND

On March 17, 2012, the Missouri State Highway Patrol received a report that Brent "Pete" Turley had been sending sexually explicit text messages to a fourteen year-old female, hereafter referred to as Jane Doe #1. Turley was a youth minister the church Jane Doe #1 attended. Jane Doe #1 reported that Turley first made contact with her via Facebook. Trooper

---

[1] It is the Government's position, that due to the defendant's false and frivolous denial of relevant conduct in his objections to the presentence investigation report, the defendant should not be afforded acceptance of responsibility. Consequently, his advisory sentencing guideline range should be 262-327 months' imprisonment.

1

Casey Jadwin secured the permission of the child's parents to utilize her cellular telephone to further his investigation.

On March 19, 2012, Turley sent a series of text messages to the cell phone in an effort to set up a meeting during which Jane Doe #1 would lose her virginity to him. Turley proposed that they meet at the Mountain Grove City Park at 5:30 p.m. When Turley arrived, he was greeted by members of the Highway Patrol and the Southwest Missouri Cybercrimes Task Force who placed him under arrest. Condoms were located in Turley's pocket and a firearm was found in his truck.

Turley was subsequently questioned by Chip Root and Casey Jadwin at Troop G Headquarters. Turley initially claimed that he was planning to meet Jane Doe #1 so that he "put the girl on the right path" by discussing the Bible with her. (Interview p. 18, 39). After being confronted with the absurdity of that statement, Turley confessed that he planned to engage in sexual intercourse with the minor. (Interview pp. 44-47).

As the interview continued, Turley additionally divulged the fact that he had sexual contact with two other minors. Specifically, Turley confessed to contacting fifteen-year old Jane Doe #2 using Facebook text messages to arrange a meeting with her at a softball field in Mansfield, Missouri. (Interview p. 57). During the meeting, which occurred in February, 2012, Jane Doe #2 performed oral sex upon Turley in his vehicle. (Interview p. 59). The child was later interviewed at the Child Advocacy Center and confirmed Turley's admission.

Turley also admitted to taking fourteen-year old Jane Doe #3 to see the Yogi Bear Movie at a theater in Mountain Grove, Missouri in late 2010 or early 2011. During the movie, Turley digitally penetrated the child's vagina. Disturbingly, Turley confessed that he believed the

victim to be as young as twelve years old at the time of the offense. (Interview p. 96). The victim was later interviewed and confirmed the illicit sexual conduct.

Turley's cell phone was examined by Detective Larry Roller of the Missouri Cyber Crime Task Force. He was able to recover incriminating messages sent to both Jane Doe #1 and Jane Doe #2.

## ARGUMENT

The defendant is now scheduled to appear before the Court for sentencing after pleading guilty to two counts of coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b). As noted above, the defendant requests that this Court depart from the applicable Sentencing Guidelines due to the defendant's age and to vary from said guidelines predicated on several of the factors set forth in 18 U.S.C. § 3553. The Government respectfully submits that the defendant's actions in the instant offense, taken in combination with a prior instance of child molestation, and the obvious wrongfulness of his conduct support the imposition of a sentence within the Sentencing Guidelines.

1. *<u>Downward departure based on age.</u>*

The defendant cites a single basis in support for his request for a downward departure from the guidelines, that is, his age. The defendant at the time of the offenses was twenty-one years of age. The defendant was, by any measure, an adult. He was a high school graduate, gainfully employed, married, and living independently. Further, the defendant, as evidenced by his initial denials of any criminal misconduct during his interview with the police, was well aware of the wrongfulness of his conduct, his assertions to the contrary notwithstanding. (Interview pp. 1-44). In fact, at the conclusion of the interview the defendant stated that he was "wrong in every way." (Interview p. 167).

Further, age is only relevant in determining if a departure is warranted when the offender's characteristics "are present to an unusual degree and distinguish the case from the typical case covered by the guidelines." U.S.S.G. § 5H1.1. In the course of the last several years, the undersigned Assistant United States Attorney has prosecuted a number of factually similar cases involving defendants approximately the same age of Turley:

1. *United States v. Adam Hammond*, case number 11-03038-CR-SW-RED: Hammond was nineteen-years old when he made contact with a thirteen year-old via the internet. Hammond pleaded guilty to coercion and enticement of a minor and sexual exploitation of children. Hammond did not have sexual contact with his sole victim. Hammond received a sentence of 240 months' imprisonment, followed by 15 years supervised release as to each count.

2. *United States v. John Paul Gamage*, case number 10-05055-CR-SW-BCW: Gamage was eighteen years old when he traveled to the State of Missouri and sexually assaulted two minor females. Gamage later pleaded guilty to travel with intent to engage in illicit sexual conduct. Gamage was sentenced to 293 months' imprisonment, followed by lifetime supervised release.

3. *United States v. Jorge Colorado-Arguello*, case number 12-03003-CR-S-RED: Colorado, an illegal immigrant, was eighteen years old when he transported a fourteen year old female from Michigan to Missouri with the intent to engage in illicit sexual conduct. He was apprehended before any sexual contact took place. He pleaded guilty and was sentenced to 120 months' imprisonment, followed by five years' supervised release.

4. *United States v. Harry Sneed*, case number 10-05015-CR-SW-ODS: Sneed was nineteen years old when he solicited sexually explicit photographs from three minor

4

females. Sneed pleaded guilty to attempted sexual exploitation of children and was sentenced to 180 months' imprisonment, followed by thirty years supervised release. Sneed did not have any contact with his intended victims.

While undersigned counsel is aware of the existence of several other similar cases where the defendants were substantially older, this defendant's age does not distinguish him from any number of other similar offenders in any meaningful manner.

2. *<u>Downward variance under 18 U.S.C. § 3553(a).</u>*

The defendant also argues that this Court should vary from the applicable guidelines pursuant to the provisions of 18 U.S.C. § 3553(a). The defendant variously cites the defendant's support from friends and family, the possibility that if the Court grants all of the defendant's objections to the sentencing guidelines, his range will be 87-108 months, the need to avoid unwarranted disparities between defendants, and the fact that the defendant will be required to register as a sex offender. None of these considerations warrant a downward variance from the sentencing guidelines.

There is little question that the defendant has support from a large number of his friends and families. Whether these individuals are truly aware of "the facts and nature of this case" as he asserts is less clear. (Turley Memo. P. 6). The fact that some of the defendant's supporters express their willingness to expose their children to the defendant suggests that they are ignorant of the defendant's actions. Ultimately, the sentence imposed upon the defendant should not be impacted by his popularity in the community, but rather by his actions while in that community.

As noted above, it is the Government's position that the primary objections lodged by the defendant to the presentence report are not only without merit, but given the defendant's statements, frivolous. Under the circumstances, there is at least a possibility that the advisory

sentencing guidelines will be substantially higher after the government is compelled to produce evidence of several sentencing enhancements. Therefore, the sentencing guidelines provide no basis for a lenient sentence.

The defendant also suggests that a sentence within the guidelines will produce an unwarranted sentence disparity among "defendants with similar records who have been found guilty of similar conduct." (Turley Memo. P.7)(18 U.S.C. § 3553(a)(6)). In support of his claim, the defendant cites five defendants charged in *United States v. Edward Bagley Sr.*, case number 10-00244-CR-S-DW, and six cases prosecuted in the Circuit Court for Greene County, Missouri. The *Bagley* case involved the long-term abuse of an adult female victim by a number of individuals in Lebanon, Missouri. The facts of this case bear absolutely no similarity to those in this case. The cases prosecuted by the State of Missouri in Greene County cited by the defendant are also inapposite to the case before the bar, even assuming that the Court should consider sentences imposed under a different criminal justice system in formulating its sentence.

As noted above, multiple similarly situated defendants, who have engaged in virtually identical conduct as Turley, have received sentences specified by the sentencing guidelines in this case. The Government respectfully suggests that a downward variance from the guidelines in this case would in fact create an unwarranted sentencing disparity described in 18 U.S.C. § 3553(a)(6).

Finally, the defendant suggests that the fact he will have to register as sex offender provides a basis for a downward variance. There is no justification for this assertion. It is not the designation as a sex offender that is truly harmful. Any rational person who becomes aware of Turley's repeated sexual assaults of juveniles will likely view Turley with disdain under any

circumstances. Clearly, society's view of sex offenses as particularly serious crimes weighs in favor of a heavier rather than lighter sentence.

The defendant sexually assaulted three minor females with full knowledge of the wrongfulness of his conduct. The defendant engaged in sexual acts in a public theater showing a child's movie with a female he believed to be twelve years old, and sexually assault two other minor females. Consequently, the sentence imposed on the defendant must necessarily protect the most vulnerable members of the public from the defendant's predations, afford an adequate deterrence to criminal conduct, reflect the seriousness of the offense, promote respect for the law, and, perhaps most importantly, provide just punishment for the offense. In this case, a sentence within the applicable sentencing guidelines is a fair and just sentence.

WHEREFORE, for all the foregoing reasons, the United States respectfully requests that the defendant's request for a downward variance or departure be denied.

Respectfully submitted,
Tammy Dickinson
United States Attorney

By     */s /James J. Kelleher*
James J. Kelleher
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on December 4, 2013, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

/s/ *James J. Kelleher*
James J. Kelleher
Assistant United States Attorney